UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
LONDON DIVISION
CASE NO: _____

**PENNY WHITE**                                                                 **PLAINTIFF**

**VS.**

**FALCON RIDGE APARTMENTS**                                 **DEFENDANT**

## COMPLAINT

Plaintiff, Penny White, by and through her undersigned counsel, hereby sues the Defendant's, Falcon Ridge Apartments (hereinafter collectively referred to as "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. 1331 and 1343 and Plaintiff's claims arise under 42 U.S.C. 12181 eq seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

2. Venue lies in this district pursuant to 28 U.S.C. 1391 (b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

1.

## PARTIES

3. Plaintiff, Penny White, is and individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including the inability to walk or stand due to a stroke that occurred during the year 2006 resulting in six months of hospitalization, leaving her partially paralyzed. Plaintiff must use a wheelchair to ambulate Plaintiff's access to the premises described below (hereinafter, the "Property"), and her full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure ADA violations that exist at the property.

4. Defendants transact business in this judicial district within the State of Kentucky by, inter alia, being the owner of the Property, a Apartment Complex (including the adjoining grounds servicing the Apartments) with a main street location address in Beattyville, Kentucky. The registered agent for Service is, CT Corporation Systems, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990 Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to

ensure that Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. 12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform these regulations on or before March 15, 2012.

8. The Property is a place of public accommodation pursuant to the ADA.

---

I "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR 36.304(d)(2)(I) however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

9. Most recently, in October, 2016 Plaintiff attempted to, and to the extent possible accessed the Property but could not fully do so because of her disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit her access to Property and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered therein, including ADA violations set forth in this Complaint.

10. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but she will be unable to do so because of her disability due to mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

11. Defendants have discriminated against Plaintiff by denying her access to and full enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability (i.e., mobility-related) that exist at the Property, thus making the Property accessible to Plaintiff, as required by the ADA.

**COUNT I-FOR INJUNCTION AGAINST FALCON RIDGE APARTMENTS**

12. Plaintiff realleges and revears paragraphs 1 through 11 above as if fully set forth

herein.

13. A specific, although not exclusive, list of mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable sections of the STANDARDS are also denoted [2]):

    a)    Non-compliant accessible routs including a failure to safely connect the Laundromat with the public sidewalk and to safely connect the disabled person parking spaces and access aisles the various entrances to the tenant spaces (in violation of STANDARDS 206, 402. 403, and 404);

    b)    Non-compliant disabled person parking spaces including but not limited to lack of complaint adjacent access aisles, excessive cross slopes and lack of proper connection to accessible entrances of the tenant spaces (in violation of STANDARDS 208 and 502);

    c)    Non-compliant ramps and curb ramps (in violation of STANDARDS 405, 405.2, 405.7 406 and 505);

    d)    Lack of compliant directional signage (in violation of STANDARD 216 and 703.4.2);

    e)    Non- compliant interior routes and rooms within the tenant spaces (in violation of STANDARDS 401, 402 and 403);

    f)    Non-compliant service encounters (laundry folding) within the tenant spaces whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

    g)    Non-compliant walking surfaces that are part of an accessible route (in violation STANDARDS 403.1, 403, 302, 303, 303.1, 303.2, 303.3 and 303.4);

    h)    Non-compliant restrooms within the tenant spaces including non-compliant maneuvering and clear floor space and non-compliant lavatories (in violation of STANDARDS 213, 603, 604 and 606).

---

[2]. The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with those standards.

5.

    i)    There are changes in level in the Facility exceeding ½ inch that are not ramped in

        violation of section 303.4 of the 2010 ADAAG standards. This includes the portion of raised floor near the 7-Up vending machine. This violation made it dangerous and difficult for Plaintiff to access the interior features of the Facility.

j) The total vertical rise of the ramp which provides means of access to the Facility exceeds 30 inches without and intermediate level landing in violation section 405.6 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the Property.

k) There is no accessible parking near the Facility in violation of section 208 and 502 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter Facility while parked at the Property.

l) There is an excessive slope at the ramp that is only means of access to the Facility in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the Facility.

m) There is no compliant accessible route from the property to the Facility and the route has excessive vertical rise and is in violation of section 206.2.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter the Facility while parked at the Property.

n) There are no compliant handrails on both sides of the ramp in violation of 405.8 and 505 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the Facility.

o) The ramp has numerous irregularities and vertical offsets that exceed 1/4 in violation of section 405.4 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the Property.

p) There is a vertical offset at the entrance door that exceeds ½ inch in violation of section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter the Facility.

q) There is a vertical offset at the metal plate at the bottom of the ramp that exceeds 1/4 inch in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter the Facility.

r) The height of the control for the change machine on the wall near the entry exceeds the reach ranges of 48 inches maximum for side or forward approach in violation of 308.2 and 308.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to operate the change machine.

6.

s) The change machine projects more than 4 inches on the wall near the entry which

    is considered and accessible route in violation of 307.2 of the 2010 ADAAG standards regarding protruding objects.

 t) The height of the control for the dryers exceeds the reach of 48 inches maximum for side or forward approach in violation of 308.2 and 308.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to operate the dryers.

14. Although the above listing, in and on itself, denied Plaintiff, due to disability full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires and inspection of the Property by an ADA expert to articulate all of Brewer's Laundromat's specific violations of the STANDARDS relevant to Plaintiff's disability.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. 12182(b)(2)(A)(iv) and 42 U.S.C. 12183 (a)(2).

16. Plaintiff is without an adequate remedy at law is suffering irreparable harm and she reasonably anticipates that she will continue to suffer irreparable harm unless and until Brewer's Laundromat is required to move the mobility-related physical ADA violations as well as their mobility-related discriminatory policies towards the disabled that exist at the Property, including those set forth herein.

17. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorney's fees, costs and expenses from Brewer's Laundromat, including litigation expenses and costs pursuant to 42 U.S.C. 12205.

18. Pursuant to 42 U.S.C. 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Brewer's Laundromat to implement

policies, consistent with the ADA, to accommodate the disabled and to alter the property to make

it readily accessible to and usable by Plaintiff as required by the ADA, and the closing of the Property until such time as the required notifications are completed.

**WHEREFORE,** Plaintiff, Penny White, requests that the Court issue a permanent injunction enjoying Defendants, Falcon Ridge Apartments, from continuing their mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Falcon Ridge Apartment grounds to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorney fees, litigation expenses, including expert fees, and costs.

/s/ Bill Meader
Hon. Bill Meader
P.O. Box 1038
Booneville, Kentucky 41314
PH: (606) 593-5054
Fax:(606) 593-5044
Email: meader_law@hotmail.com